### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| HUTCHINSON SEALING SYSTEMS, INC., | ) ) | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. | ) | |

_____

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices, such as laying off employees on the basis of age, and to provide appropriate relief to William Galas, Clyde Gibbons, and Ken Ming who were adversely affected by such practices, as alleged with greater particularity in ¶ 7.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within jurisdiction of the United States District Court, Eastern District of Michigan, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant, Hutchinson Sealing Systems, Inc. (the "Employer"), has continuously been a domestic corporation doing business in the State of Michigan and the City of Auburn Hills, and has continuously had at least 20 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.       Since at least November 2008, the Defendant Employer has engaged in unlawful employment practices at its Auburn Hills facility, in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1). Specifically, the Employer engaged in the following:

       (a)     On or about November 10, 2008, the Employer on the basis of age laid off Project Engineer William Galas despite him being a "hard working, loyal, innovative, self-motivated" and "highly thought of" employee of the

        company.  At the time of the layoff, William Galas was the oldest Project Engineer at the age of 62 years old.

(b)      On or about December 2008, the Employer on the basis of age further laid off two more Project Engineers, specifically Ken Ming and Clyde Gibbons.  At the time of these layoffs, Clyde Gibbons was 51 years old and the second oldest Project Engineer, and Ken Ming was 48 years old and the third oldest Project Engineer.  Although the December 2008 layoffs were a mere month after the November layoffs, the Employer changed the methodology of selecting the Project Engineers that would be laid off.  If the Employer used the same rating system for the December 2008 layoffs as the November 2008 layoffs, Clyde Gibbons and Ken Ming would not have been laid off.  Both Clyde Gibbons and Ken Ming were highly qualified employees.

(c)      Upon information and belief, Al Renard, age 55 in 2008, was a Project Engineer laid off in March 2009 after Clyde Gibbons and Ken Ming.  At the time of Al Renard's layoff, he would have been the oldest Project Engineer and highest rated Project Engineer according to the November and December 2008 Ratings criteria Employer utilized.  During all of the aforementioned layoffs, the Employer intentionally singled out the Project Engineers for discharge on the basis of their age.

8.      The effect of the practices complained of in ¶ 7 above has been to deprive William Galas, Clyde Gibbons, and Ken Ming of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

9. The unlawful employment practices complained of in ¶ 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discriminatorily laying off employees on the basis of their age.

B. ORDER Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. GRANT a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to William Galas, Clyde Gibbons, and Ken Ming.

D. ORDER Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement of William Galas and Ken Ming and front pay for Clyde Gibbons.

E. GRANT such further relief as the Court deems necessary and proper in the public interest.

F. AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                          EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                                          Respectfully submitted,

                                          /s/ Laurie A. Young
                                          LAURIE A. YOUNG
                                          Regional Attorney

                                          /s/ Kenneth Bird
                                          KENNETH BIRD
                                          Acting Supervisory Trial Attorney

                                          /s/ Trek K. Carethers
                                          TREK K. CARETHERS (P57016)
                                          Trial Attorney

                                          DETROIT FIELD OFFICE
                                          Patrick V. McNamara
                                          477 Michigan Avenue, Room 865
                                          Detroit, Michigan 48226
                                          Trek.Carethers@eeoc.gov
Dated: January 20, 2012              Tel. No. (313) 226-2449